Wilde J.
delivered the opinion of the Court. Upon the facts agreed we are of opinion, that the plaintiff’s attachment of February 12th, 1822, was a valid attachment of Timothy Griffing’s undivided share of the premises, notwithstanding the previous division between the heirs, as the deeds of release, by which the division was effected, were not recorded until after the time of the plaintiff’s attachment;[1] and this attachment was not waived or defeated by the subsequent attachment, made by him as surviving partner of the firm of M‘Mechan & Winkoop. The demands were different, and he did not act in the same capacity in both of these transactions. He has a right to adhere to his first attachment. The defect of title, if any there be, is in that derived from the second attachment. But if both titles should stand, no injustice will be done; for it appears that the amount of both executions does not exceed the value of Timothy Griffing’s share.
It has been argued, that the first attachment, after the division between the heirs was completed by the registry of the deeds of release, attached to the separate share assigned to Timothy Griffing in the division ; and the case of Jackson v. Peirce, 10 Johns. R. 414, is cited in support of this position. But that case does not apply to this. In that case, the whole purparty in dispute was assigned by the partition in severalty. Here the division was void against the attaching creditor, he having no notice, at the time of the attachment, and it appearing, that the debt due to the deceased from Timothy Griffing was taken into consideration, and his share thereby greatly reduced. This debt was not considered as an advancement, and there is no evidence that it was so intended, nor is there indeed any pretence that it can be so considered. Osgood v. Breed’s Heirs, 17 Mass. R. 356.[1] Nothing therefore has been *549 shown sufficient to defeat the petitioner’s title under his first attachment.
_ . Judgment for petitioner.

 See MMechtm v. Griffin, 3 Pick. (2d ed.) 157, note 1.

 See Revised Stat. c, 61, § 9